UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEONARDO GONZALEZ LEON,

      Plaintiff,

    v.

WARDEN, FLORIDA SOFT SIDE
DETENTION CENTER,
ATTORNEY GENERAL OF THE
UNITED STATES,

      Defendants.

Case No. 2:26-cv-1097-KCD-DNF

## ORDER

Petitioner Leonardo Gonzalez Leon is a Cuban citizen who is subject to a final order of removal. (Doc. 10-1 at 7, 9.)[1] He was recently detained by U.S. Immigration and Customs Enforcement ("ICE"). He now seeks a writ of habeas corpus under 28 U.S.C. § 2241, arguing that his continued detention violates the Fifth Amendment. (Doc. 1.) The Government opposes the petition. (Doc. 10.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

### I. Background

Leon arrived in the United States in 2002. (Doc. 10-1 at 2.) His status was adjusted to lawful permanent resident in 2004. (*Id.* at 2.) But after a

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

criminal conviction for drug trafficking, ICE placed him in removal proceedings and issued a final removal order in 2012. He was then released on an order of supervision. (*Id.* at 7, 9.)

On December 19, 2025, immigration enforcement determined it was appropriate to detain Leon once more. (Doc. 10-1 at 26.) That same day, Leon was served a notice of revocation and provided an informal interview. (*Id.* at 9-11.) ICE intends to remove him to Mexico. (*Id.* at 17.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

Leon claims that he is being held in violation of the Fifth Amendment. (Doc. 1 at 5-6.)  In *Zadvydas v. Davis*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of

2

removal is final, as here, the *Zadvydas* Court explained ICE should make every effort to remove the alien within a reasonable time. 533 U.S. 678, 701 (2001). Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. *Id.* "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* Thus, "in order to state a [due process] claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Leon's petition is premature because he has not been detained for longer than six months. Until the six-month *Zadvydas* period concludes, detention is presumptively reasonable, and any substantive due process claim is not ripe. *See, e.g., Grigorian v. Bondi*, Case No. 25-CV-22914-RAR, 2025 WL 1895479, at *8 (S.D. Fla. July 8, 2025); *Lopez v. Dir. of Enf't and Removal Operations*, Case No. 3:25-cv-1313-JEP-SJH, 2026 WL 261938, at

3

*12 (M.D. Fla. Jan. 26, 2026). This position finds support in existing precedent. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (after the six-month period, "if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release the alien"); *see also Jiang v. Mukasey*, No. 2:08-cv-773-FtM-29DNF, 2009 WL 260378, at *2 (M.D. Fla. Feb. 3, 2009); *Noel v. Glades Cnty. Sheriff*, No. 2:11-cv698-FtM-29SPC, 2011 WL 6412425, at *2 (M.D. Fla. Dec. 21, 2011); *Guerra-Castro v. Parra*, Case No. 25-cv-22487-GAYLES, 2025 WL 1984300 at *4 (S.D. Fla. July 17, 2025) (finding habeas petition "premature" because "Petitioner has not been detained for more than six months").

Leon also seemingly argues that his clean supervision record precludes ICE from revoking his supervision. (Doc. 1 at 6.) This argument fails. He is subject to a final removal order that stands uncontested. The INA explicitly authorizes a return to detention to effectuate such orders. 8 C.F.R. § 241.13(i)(2). And the government no doubt has a legitimate interest in doing exactly that—enforcing its laws, ensuring individuals do not flee, and protecting the public. *See Malam v. Adducci*, 469 F. Supp. 3d 767, 790 (E.D. Mich. 2020). Here, the Government revoked Leon's release specifically to enforce his outstanding removal order, gave him notice that they were doing so, and afforded him an informal interview. (Docs. 10-1 at 9-11.) Returning

4

him to custody thus serves a recognized, legitimate government objective and was done in compliance with the INA's regulations.

## IV. Conclusion

Leon's legal challenge to the length of his detention is premature, and the procedural due process claim fails, so the habeas petition must be **DENIED**. However, this denial is without prejudice to Leon refiling a new petition should his current detention exceed the six-month mark, and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to terminate any pending motions and close the case.

**ORDERED** in Fort Myers, Florida on May 6, 2026.

Kyle C. Dudek
United States District Judge